K. & M. LUMBER COMPANY, INC. *v.* GULLY, et ux.

No. 40548          November 4, 1957          97 So. 2d 650

*Ethridge, Minniece & Bourdeaux,* Meridian, for appellant.

*W. D. Moore,* Philadelphia, for appellee.

HOLMES, J.

This suit originated in the Circuit Court of Kemper County when the appellant, K. & M. Lumber Company, Inc., as plaintiff, filed its declaration against the appellee, H. H. Gully, as defendant, seeking to recover an alleged indebtedness of $8,121.90 on open account. An itemized statement of the alleged account was exhibited to the declaration. The account covered the period from October 17, 1951, through March 31, 1956.

Thereafter the appellant, K. & M. Lumber Company, Inc., as complainant, filed its original bill in the Chancery Court of Kemper County against the appellees, H. H. Gully and Mrs. Ruby Rush Gully, as defendants, alleging that the said defendant, H. H. Gully, was indebted to it in the sum of $8,121.90, and seeking to recover that amount on open account and seeking further to have set aside certain conveyances and transfers of real and personal property alleged to have been made by the appellee, H. H. Gully, to his wife, Mrs. Ruby Rush Gully, for the purpose of hindering, delaying and defrauding creditors, and particularly the complainant. Later on motion

of the defendant, H. H. Gully, the cause in this circuit court was transferred to the chancery court and there, by consent of the parties, the two causes were consolidated. Thereafter the appellant filed an amended bill of complaint wherein it alleged that the defendant, H. H. Gully, was indebted to it in the sum aforesaid and charged that, ''Over a period of years the defendant, H. H. Gully, would borrow money from the complainant to be used for purchasing various tracts of timber and to meet the payrolls of said defendant's employees and for other expenses; that the defendant, H. H. Gully, would sell to the complainant the rough dressed lumber cut from tracts of timber purchased by said defendant; that the complainant would sometimes pay to the defendant, H. H. Gully, the full amount of the purchase price of rough dressed lumber sold by said defendant to the complainant and on occasions would pay to said defendant part of the purchase price of such rough dressed lumber and credit the defendant's account owing to the complainant with the balance of the purchase price of any given rough dressed lumber sale.''

It was further alleged in the amended bill that the complainant, K. & M. Lumber Company, Inc., was engaged in the business of operating a lumber yard and that it purchased rough dressed lumber from various persons and that the defendant, H. H. Gully, has been engaged in the business of operating a sawmill and in purchasing tracts of timber and cutting same and selling the rough dressed lumber realized therefrom to the complainant and other persons or corporations. It was also charged that certain conveyances made by the appellee, Gully, to his wife were fraudulent and for the purpose of hindering and delaying creditors.

The defendants answered the said amended bill of complaint, denying that the said H. H. Gully was indebted to the appellants in any amount, admitting all of the items of the itemized statement of account with the

exception of ten of said items aggregating the total sum of $16,700, said items being made up of a check to M. H. Rosenbaum for $10,000; a check to Eff Perrin for $500; a check to Raymond Long for $400; a check to Elmer Griffin for $1200; a check to Vernon Eldridge for $1250; a check to Starlen Wilson for $1800; a check to E. Skipper for $800; a check to Wilson Powell for $150; a check to Jesse Clark for $300; and another check to Jesse Clark for $300.

The appellees challenged the correctness of the foregoing items of the account but admitted all other items of the account. The appellees made their answer a cross-bill wherein it was alleged that they did not owe the aforesaid items aggregating $16,700, and that when said items are eliminated, the amount showed an indebtedness owing by the appellant to the appellee, H. H. Gully, in the sum of $8,578.10, and the appellees, by cross-bill, demanded judgment against the appellant in this amount.

The appellees in their answer, while admitting that the appellee, H. H. Gully, transferred and conveyed to his wife, Mrs. Ruby Rush Gully, all of his real and personal property, denied that said transfers were for the purpose of hindering, delaying and defrauding creditors, and denied particularly that the same was for the purpose of defrauding the appellant, and averred that they were not in any manner indebted to the appellant for the sum demanded or in any amount.

At the conclusion of the evidence, the chancellor made a finding of facts and stated his conclusions of law. He held under conflicting evidence that the proof on behalf of the appellant was insufficient to show that the appellees, or either of them, were indebted to the appellant in any sum, and further held that the proof was insufficient to show that the appellant was indebted to the appellees in any amount on the appellee's cross-demand. The chancellor accordingly rendered a decree dismissing the amended bill of the appellant and also dismissing

the cross-bill of the appellees. The court also held that since it appeared that the appellee, H. H. Gully, was not indebted to the appellant at the time he conveyed and transferred his real and personal property to his wife, such conveyances and transfers were valid and therefore would not be set aside.

The appellant prosecutes an appeal to this Court from the decree of the chancellor. There is no cross-appeal by the appellees, H. H. Gully, and his wife, Mrs. Ruby Rush Gully. On this appeal the appellant makes the following assignments of error:

(1) The trial court erred in refusing to admit into evidence a complete record of the business dealings between the appellant and the appellee, H. H. Gully, for the period of time covered by the appellant's itemized statement of account on which the suit was based.

(2) The trial court erred in its finding of fact to the effect that the appellant, complainant below, had failed to prove its case by a preponderance of the evidence, and such finding of fact is manifestly erroneous and is not supported by substantial evidence, and the trial court, therefore, erred in entering a decree dismissing the appellant's bill of complaint and in failing to award the appellant a decree for the full amount sued for.

(3) The trial court erred in failing to set aside the conveyances from the appellee, H. H. Gully, to the appellee, Mrs. Ruby Rush Gully, of all of the said H. H. Gully's real and personal property on the grounds that said conveyances were fraudulent and that they were made for the purpose and intent of hindering, delaying and defrauding the appellant as a creditor of the said H. H. Gully.

The appellant contends that the chancellor's finding of facts is not supported by substantial evidence. We think this contention is not well founded.

The evidence on the issue as to whether or not the appellee, H. H. Gully, was indebted to the appellant, or

the appellant was indebted to the said appellee, was conflicting. The proof on behalf of the appellant tended to show that the appellee, H. H. Gully, and the appellant had been doing business with each other over a long period of years; that from time to time the appellant made advances to the appellee Gully for the purpose of buying timber and otherwise as loans, and that the disputed items of account represented sums which had been advanced by the appellant and charged to the appellee Gully's account either as a loan or advance or money paid out for the purpose of buying timber for the appellee Gully's account. On the other hand, the evidence for the appellees tended to show that all of the disputed items of account except the item of $500 paid to Perrin and the item of $150 paid to Wilson Powell were for money representing the purchase price of timber which the appellant had purchased for its own account and taken in its own name, and that the only connection the appellee Gully had therewith was to convert the logs hauled to his sawmill into rough dressed lumber, for which he was entitled to be paid by the appellant at the rate of $30 per thousand; that the item of $500 to Eff Perrin represented a sum paid by the appellant to Perrin as his commissions for negotiating the appellant's purchase of the Rosenbaum timber at a price of $10,000; that the item of $150 to Wilson Powell represented funds advanced by the appellant to Powell at the appellee Gully's request, and that said sum was repaid by Gully to the appellant.

Thus the issue was sharply drawn as to whether the disputed items, with the two exceptions mentioned, represented funds which the appellant advanced for the purchase of timber that was to belong to the appellee Gully, or whether it represented funds paid by the appellant to purchase timber for its own account. It was

shown by the appellee's proof that in a number of instances where the appellant paid out funds to purchase timber, the deed therefor from the seller was made to the appellant.

■■ ■ It readily appears that the evidence was conflicting and presented an issue of fact for the determination of the chancellor. The chancellor determined this issue of fact and we are unable to say that he was manifestly wrong and are, therefore, not warranted in disturbing his finding.

■■ ■ It is further contended by the appellant that the chancellor erred in failing to admit in evidence a complete record of the business dealings between the appellant and the appellee, H. H. Gully, for the period of time covered by the itemized statement of account. The appellant particularly complains that the chancellor erred in refusing to admit in evidence certain cancelled checks payable to the appellee, H. H. Gully, and certain lumber settlement sheets, covering the entire period of the account. The ledger and two journals covering the account of the appellee, H. H. Gully, were admitted in evidence and reflected the entire account sued on. The chancellor in his ruling excluded only such checks and settlement sheets as pertained to the admitted items of the account, and expressly stated in his ruling that he would hear proof with reference to the disputed items of the account. We are of the opinion that the chancellor was not in error in so ruling.

■■ ■ The appellant also contends that the chancellor erred in failing to set aside as fraudulent the conveyances by the appellee, H. H. Gully, to his wife. Of course, since the chancellor found as a fact and held that the appellee, H. H. Gully, was not indebted to the appellant, it followed as a matter of course that the appellant was not entitled to have the conveyances set aside.

We are accordingly of the opinion that the record discloses no reversible error and that the decree of the court below should be and it is affirmed.

Affirmed.

*McGehee, C. J.*, and *Hall, Lee* and *Kyle, JJ.*, concur.